FILED
United States Court of Appeals
Tenth Circuit

June 23, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LEON BATES,

               Petitioner–Appellant,

v.

MIKE ARELLANO; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

               Respondents–Appellees.

No. 09-1092
(D.C. No. 1:08-CV-02734-ZLW)
(D. Colo.)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

Leon Bates requests a certificate of appealability ("COA")[1] following the

district court's denial of his 28 U.S.C. § 2254 habeas petition as time barred

under § 2244(d)(1).  For substantially the same reasons as the district court, we

deny Bates' request for a COA and dismiss his appeal.

---

[1] Because Bates proceeds pro se on appeal, we construe his filings liberally.
See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

# I

Bates was convicted of felony menacing on February 4, 2000, and sentenced to life in prison under Colorado's Habitual Criminal Act. On December 19, 2002, the Colorado Court of Appeals affirmed his conviction. Certiorari was denied by the Colorado Supreme Court on July 28, 2003. On March 25, 2004, Bates filed a motion for post-conviction relief in state court, which was denied on August 11, 2005. The Colorado Court of Appeals affirmed that ruling on August 23, 2007, and the Colorado Supreme Court denied Bates' petition for certiorari on January 14, 2008.

On May 7, 2008, Bates filed a § 2254 habeas petition in the United States District Court for the District of Colorado, asserting ten claims for relief. The district court entered a show cause order informing Bates that his was a mixed petition and that he must either voluntarily dismiss his unexhausted claims and proceed immediately with his exhausted claims or have the entire petition dismissed without prejudice. Bates was specifically warned that dismissal of the unexhausted claims would likely preclude him from asserting them in a second or successive petition. He was also advised that if he dismissed the entire action without prejudice, the one-year statute of limitations would apply when he refiled, and that the limitations period would not be tolled during the time that his § 2254 petition had been pending in the federal district court.

In response, Bates merely asked the district court to stay his habeas petition while he exhausted several claims in state court. Because Bates did not demonstrate good cause for a stay, the district court dismissed the entire action without prejudice on October 24, 2008.

Roughly two months later, Bates filed a second habeas petition, this time asserting eight claims for relief. It was received by the district court on December 11, 2008. On February 13, 2009, the district court dismissed Bates' petition as time barred under § 2244(d)(1). Bates then filed notice of appeal, which the district court construed as a request for a COA. He also requested leave to proceed IFP on appeal. The district court denied both requests.

## II

Because the district court denied his habeas petition as well as his request for a COA, Bates may not appeal the district court's decision absent a grant of a COA by this court. § 2253(c)(1)(A). To obtain a COA, Bates must make a "substantial showing of the denial of a constitutional right." § 2253(c)(2). When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, as it did here, a petitioner is not entitled to a COA unless he can show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). An

appellate court has discretion to resolve either the procedural or the substantive issue first.  Id. at 485.

The one-year statute of limitations for § 2254 habeas claims generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).  The Colorado Supreme Court denied certiorari in Bates' direct criminal appeal on July 28, 2003, and Bates did not seek review in the United States Supreme Court.  Thus, his conviction became final on October 27, 2003. See Sup. Ct. R. 13.1.  Bates filed a motion for post-conviction relief in state court on March 25, 2004, depleting 149 days of the limitations period.  See § 2244(d)(2).  The period began to run again on January 15, 2008, when the denial of Bates' post-conviction motion became final and continued through December 10, 2008, the day before he filed his instant habeas petition.  That amounts to an additional 331 days, for a total of 480 days.  Accordingly, Bates' habeas petition is time barred absent 115 days of equitable tolling.[2]

Bates argues that he is entitled to equitable tolling because he was mislead by the district court's September 8, 2008 show cause order.  He claims that the

---

[2] As the district court recognized, and as Bates was informed, Bates is not entitled to tolling for the days during which his initial federal habeas petition was pending.  Duncan v. Walker, 533 U.S. 167, 181 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)").

- 4 -

order indicated he would be able to refile his habeas petition at a later date and that it did not inform him that he could have dismissed only his unexhausted claims. We are not persuaded. The district court's order specifically and clearly informed Bates that he could choose to dismiss only his unexhausted claims or the entire action, and that if he chose the latter course, he would not be entitled to tolling for the days during which his initial federal habeas petition was pending. Because the district court's show cause order properly informed Bates of the consequences of dismissal, it does not provide a basis for equitable tolling.

### III

Accordingly, jurists of reason would not find debatable the district court's conclusion that Bates' habeas petition is time barred. Bates' request for a COA is **DENIED** and his appeal is **DISMISSED**. Because we agree with the district court that this appeal is not taken in good faith, his motion to proceed IFP on appeal is **DENIED**. See § 1915(a)(3).


ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge